FILED
February 04, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____ NM _____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MARLON ESTEBAN PULLO CAMPOVERDE, <br><br> Petitioner, <br><br> v. <br><br> WARDEN OF KARNES COUNTY IMMIGRATION PROCESSING CENTER, *et al.*, <br><br> Respondents. | § § § § § § § § § § § § § <br><br> NO. SA-26-CV-00385-OLG |

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Marlon Esteban Pullo Campoverde's Verified Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Dkt. No. 1). Respondents have responded (Dkt. No. 7).

The relevant facts in this case are not in dispute. Petitioner is a citizen of Ecuador who entered the United States without inspection in 2021. (*See* Dkt. No. 1 ¶¶ 1–2, 24, 29; Dkt. No. 7.) This proceeding turns entirely on whether, as the Board of Immigration Appeals has held, all those aliens who are applicants for admission by virtue of their being present in the United States without having been admitted or paroled are subject to mandatory detention under § 1225(b)(2)(A). *See Matter of Yajure Hurtado*, 29 I&N Dec. 216, 220–21 (BIA 2025). If not, Petitioner would be subject only to discretionary detention under 8 U.S.C. § 1226(a) and, thus, entitled to a bond hearing before an immigration judge. (*See* Dkt. No. 1 ¶¶ 39–50, 52–73; Dkt. No. 7 at 3–4.)

Having already resolved this question against Respondents' position in other habeas cases, the Court required Respondents to consider its prior orders and identify in their response any material differences between the facts of this case and the facts presented in those cases. (Dkt. No. 3.) On February 3, 2026, Respondents filed an abbreviated response, advising that "the

common question of law between this case and those rulings would control the result in this case should this Court follow its legal reasoning in its prior decisions." (Dkt. No. 7 at 2.) As such, the Court finds that Petitioner is not subject to mandatory detention and will therefore grant the Petition and order that he be given a bond hearing or released within 14 days. *See Mendoza Euceda v. Noem*, No. SA-25-CV-1234-OLG, Dkt. No. 16 (W.D. Tex. Nov. 17, 2025); *Perez-Puerta v. Johnson*, No. SA-25-CV-1476-OLG, Dkt. No. 13 (W.D. Tex. Dec. 15, 2025); *see also Moradi v. Thompson*, No. SA-25-CV-1470-OLG, Dkt. No. 11 (W.D. Tex. Dec. 18, 2025).

Petitioner Marlon Esteban Pullo Campoverde's Verified Petition for Writ of Habeas Corpus (Dkt. No. 1) is therefore **GRANTED** in that Respondents must provide Petitioner with a bond hearing pursuant to § 1226(a) **within 14 days** from the date below, or release him. Respondents must file an advisory as to the status of Petitioner's bond hearing, if any, **no later than 21 days** from the date below.

This case is **CLOSED**.

It is so **ORDERED**.

**SIGNED** on February ___4___, 2026.

ORLANDO L. GARCIA
United States District Judge